**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CONNIE SERRANO in her own capacity and as Next Friend of A.S., F.S., JO.S., JA.S. and S.S., minors, and LEOPOLDO GUTIERREZ, <br>     Plaintiffs, <br> v. <br><br> CITY OF CHICAGO, CHICAGO POLICE OFFICERS FEDERICO ANDAVERDE (#2530), GERARDO CALDERON Jr. (#17623), BRAD A. JOHNSON (#10048), MARK C. SMITH (#12935), ADAM T. WALLACE (#14953), CRAIG M. HAMMERMEISTER (#4831), BANEOND O. CHINCHILLA (#9445), JACQUELINE R. REGAN (#13079), JOSEPH M. KACZMAREK (#8931), And BRENDA G. GARCIA (#9286), <br>     Defendants. | Case No. 18 CV 2191 <br><br><br><br><br><br><br><br><br><br><br> **JURY DEMANDED** |

**CIVIL COMPLAINT**

NOW COMES the Plaintiff, CONNIE SERRANO in her own capacity and as Next Friend of A.S., F.S., JO.S., JA.S., and S.S., minors, and LEOPOLDO GUTIERREZ, by and through one of their attorneys, Abby D. Bakos of the Shiller Preyar Law Offices, complaining of Defendants, and in support thereof states as follows:

**INTRODUCTION**

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiffs' rights under the Constitution of the United States.

**JURISDICTION**

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

**VENUE**

1

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). The events alleged within all occurred in the Northern District of Illinois.

## THE PARTIES

4. Plaintiffs CONNIE SERRANO and LEOPOLDO GUTIERREZ are United States citizens who reside in the Northern District of Illinois. Serrano is Gutierrez's mother.

5. Minor Plaintiffs A.S., F.S., JO.S., JA.S., and S.S are United States citizens who reside in the Northern District of Illinois. Serrano is the mother of all minor Plaintiffs.

6. Defendant Officers ANDAVERDE, CALDERON Jr. (#17623), JOHNSON (#10048), SMITH (#12935), WALLACE (#14953), HAMMERMEISTER (#4831), CHINCHILLA (#9445), REGAN (#13079), KACZMAREK (#8931), and GARCIA (#9286) (hereinafter "Defendant Officers") are present or former employees of the City of Chicago Police Department. Defendant Officers engaged in the conduct complained of while on duty and in the course and scope of their employment and under color of law. Defendant Officers are sued in their individual capacities.

7. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers. At all times relevant hereto, Defendant Officers were acting under the color of law and within the scope of his employment with Defendant City of Chicago.

## BACKGROUND

8. Plaintiff Serrano lives at 5353 S. Spaulding Avenue in Chicago, Illinois with her husband and her six children between the ages of 8 and 21.

9. Three of her children, Plaintiffs F.S., A.S., and JO.S. have intellectual disabilities including, but not limited to autism.

10. On December 27, 2017, at approximately 10:30 a.m., Defendant Officers approached Plaintiff's front door to execute a search warrant.

11. Plaintiff Serrano's dog signaled that there was someone outside the door of the home and Plaintiff Serrano proceeded to crack the door open to look.

12. After realizing that there were a number of police officers standing outside her front door, Serrano immediately informed the officers that she had several autistic and disabled children in the home.

13. Defendant Officers requested that Serrano put the dog away and then pushed the door in to access the home.

14. Defendant Officers had their guns drawn, their faces covered in masks and their badges covered when they entered the home.

15. Plaintiff Gutierrez and minor Plaintiffs A.S., F.S., JO.S., JA.S., and S.S became distraught and scared as the masked Defendant Officers yelled orders at them with their weapons pointed at the children upon entry.

16. While the officers were inside, Plaintiff Serrano asked to see a copy of the warrant several times.

17. Defendant Andaverde responded saying, "I don't have to show you shit."

18. Defendant Andaverde then pushed Plaintiff Serrano onto the kitchen table, and twisted her arm up behind her back causing a popping noise in her left shoulder and severe pain.

19. Serrano screamed in pain during the physical contact set forth above.

20. Seeing their mother in pain and being hurt by Defendant Andaverde, Minor Plaintiff's A.S. and S.S. began to cry.

21. One Defendant Officer pushed 13-year old, autistic, F.S. triggering minor JA.S. to become scared for his/her sibling.

22. Defendant Unknown Officer then aggressively pushed JA.S. against a wall.

23. Defendant Unknown Officer then cuffed JA.S. so tightly that it left marks on JA.S.'s wrists.

24. Observing Plaintiff Serrano in pain, Defendant Officer Andaverde warned Plaintiff Serrano not to get medical treatment and threatened to come back and arrest her husband if she did.

25. Defendant Officers made no arrests on the date of the warrant execution and to date, have not arrested Plaintiff Serrano or any other household member.

26. After the officers left, Plaintiff went to La Clinica in Chicago where she was diagnosed with nerve damage and given her temporary disability.

27. As a result of Defendants' conduct, Plaintiff Serrano endured physical pain and suffering, emotional distress, and missed several months of work.

28. As a result of Defendants' conduct, Plaintiffs JA.S. and F.S. endured physical pain.

29. As a result of Defendants' conduct, Plaintiffs Gutierrez, A.S., F.S., JO.S., JA.S., and S.S, sustained severe emotional distress and have undergone counseling.

## COUNT I
### 42 U.S.C. § 1983 - Excessive Force For Plaintiff Serrano, and Minor Plaintiffs JA.S. and F.S.
### Against All Defendant Officers

30. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

31. By violently pulling Plaintiff Serrano's arm without justification or provocation, Defendant Andaverde inflicted violence upon Plaintiff that was excessive, unnecessary, and grossly disproportionate to the need for action under the circumstances.

32. When inflicting violence upon Plaintiff, Defendant Andaverde was acting "under color of state law."

33. As a result of the excessive force inflicted by Defendant Andaverde, Plaintiff Serrano sustained physical injuries, including nerve damage in her shoulder which required her to miss several months of work.

34. Plaintiff Serrano also sustained emotional damages and pain and suffering as a result of the excessive force inflicted upon her by Defendant Andaverde.

35. By pushing and handcuffing Minor Plaintiffs JA.S. and F.S., one or more of the Defendant Officers inflicted violence upon Plaintiffs JA.S. and F.S. that was excessive, unnecessary, and disproportionate to the need for action under the circumstances.

36. As a result of the excessive force inflicted by Defendant Officers upon Plaintiff JA.S., JA.S. sustained physical injuries including wrist pain and emotional distress

37. As a result of the excessive force inflicted by Defendant Officers upon Plaintiff F.S., F.S. suffered pain, humiliation and emotional distress.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers for compensatory damages, punitive damages, costs, lost wages, and medical expenses, and such other and additional relief as this court deems equitable and just.

### COUNT II
### 42 U.S.C. § 1983 – Failure to Intervene for Plaintiff Serrano, and Minor Plaintiffs JA.S. and F.S.
### Against All Defendant Officers

38. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

39. All Defendants had a reasonable opportunity to prevent one another's use of excessive force against Plaintiffs Serrano, F.S. and JA.S. and prevent their injuries, but failed to do so.

40. As a result of the Defendant Officers' failure to intervene, Plaintiffs Serrano, F.S., and JA.S suffered physical and emotional injuries.

41. Defendant Officers' misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiffs' rights.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers for compensatory damages, punitive damages, costs, medical expenses, and such other and additional relief as this Court deems equitable and just.

### COUNT III
**Title II of the Americans with Disabilities Act and § 504 of the Rehabilitation Act for Plaintiffs F.S., A.S. and JO.S.
Against City of Chicago**

42. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

43. Defendant City of Chicago has a duty to train its employees to properly interact with and reasonably accommodate individuals with disabilities during the course of investigations and warrant executions.

44. Defendant Officers failed to reasonably accommodate Plaintiffs F.S., A.S., and JO.S., despite their knowledge that these individuals suffered from autism or mental disability.

45. Defendant City of Chicago failed to train Defendant Officers to recognize the signs, symptoms, and care necessary to aid people who suffer from an intellectual disability or mental health disability.

46. Defendant City of Chicago failed to train Defendant Officers to provide reasonable accommodations to individuals who suffer from disabilities during the course of their duties.

47. The acute emotional distress suffered by Plaintiffs F.S., A.S., and JO.S could have been avoided if the Defendants Officers received proper training from the City of Chicago.

48. The excessive force and intentional infliction of emotional distress violations caused to Plaintiff could have been avoided if the Defendants Officers received proper training from the City of Chicago.

49. As a proximate result of the above-detailed actions, Plaintiffs F.S., A.S., and JO.S. were

injured.

WHEREFORE, Plaintiffs demand judgment against the City of Chicago for compensatory damages, costs, punitive damages, medical expenses, and such other and additional relief as this court deems equitable and just.

### COUNT IV
**State Claim- Assault for Plaintiffs Serrano, JA.S. and F.S.
Against Defendant City of Chicago**

50. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

51. Plaintiff Serrano was in imminent danger of being battered by Defendant Andaverde

52. Minor Plaintiffs JA.S. and F.S. were in imminent danger of being battered by the Defendant Officer who made physical contact with then as set forth above.

53. Defendant Officers' conduct that resulted in these assaults was undertaken with malice, willfulness, and reckless indifference to Plaintiffs' rights.

54. The misconduct was undertaken by Defendant Officers within the scope of their employment and under the color of law such that their employer, Defendant City of Chicago, is liable for those actions.

WHEREFORE, Plaintiffs demand judgment against Defendant City of Chicago for compensatory damages, punitive damages, costs, medical expenses, and such other and additional relief as this court deems equitable and just.

### COUNT V
**State Claim-Battery for Plaintiffs Serrano, JA.S. and F.S.
Against Defendant City of Chicago**

55. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

56. Without the consent of Plaintiff Serrano, Defendant Andaverde intentionally, harmfully, and offensively touched Plaintiff Serrano when he slammed Plaintiff Serrano on the kitchen

table, grabbed by her left arm and then violently jerked the arm upwards causing injury to Serrano.

57. Without consent of Minor Plaintiffs JA.S. and F.S., Defendant Officers intentionally, harmfully and offensively touched Plaintiff JA.S. and F.S. by pushing F.S. and pushing and handcuffing JA.S causing the minors pain and emotional distress.

58. Defendant Officers' conduct that resulted in these batteries was undertaken with malice, willfulness, and reckless indifference to Plaintiffs' rights.

59. The misconduct undertaken by Defendant Officers was within the scope of their employment and under the color of law such that their employer, Defendant City of Chicago, is liable for those actions.

WHEREFORE, Plaintiffs demand judgment against Defendant City of Chicago for compensatory damages, punitive damages, costs, medical expenses, lost wages, and such other and additional relief as this court deems equitable and just.

## COUNT VI
**State Claim - Intentional Infliction of Emotional Distress for All Plaintiffs Against The City of Chicago**

60. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

61. The acts and conduct of Defendant Officers, as set forth above, was extreme and outrageous.

62. The Defendant Officers thoroughly traumatized each Plaintiff despite Plaintiff Connie Serrano's warning that disabled children were present in the home prior to Defendant Officers' entry.

63. By covering their faces with masks, separating Plaintiff Connie Serrano from her disabled children, pointing their firearms at the minor Plaintiffs and Gutierrez, using unreasonable force against Plaintiff Serrano in front of the children, using unreasonable force against minor Plaintiffs F.S. and JA.S., in provoking and harassing all Plaintiffs and in threatening to

8

arrest Plaintiff Serrano's husband if Serrano sought medical treatment, Defendant Officers placed Plaintiffs in a state of anxiety, terror, humiliation, and severe emotional distress.

64. Further, the conduct of Defendant Andaverde in violently jerking Plaintiff Connie Serrano's arm causing her a painful injury, in her own home in front of her children without any justification or provocation, placed Plaintiff Serrano in a state of anxiety, terror, humiliation, and severe emotional distress.

65. Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiffs.

66. The conduct of the Defendant Officers was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

67. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago, such that Defendant City of Chicago is liable for those actions.

WHEREFORE, Plaintiffs demand judgment against Defendant City of Chicago for compensatory damages, punitive damages, costs, medical expenses, lost wages and such other and additional relief as this court deems equitable and just.

### COUNT VII
### Indemnity Claim - 745 ILCS 10/9-102
### Against the City of Chicago

68. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

69. Defendant City of Chicago is the employer of Defendant Officers.

70. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

71. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

72. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiffs suffered physical and emotional injuries.

WHEREFORE, Plaintiffs demand judgment against the City of Chicago for compensatory damages, costs, medical expenses, lost wages, and such other and additional relief as this court deems equitable and just.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully submitted,

CONNIE SERRANO, on behalf of herself and as next friend of minor Plaintiffs A.S., F.S., JO.S., JA.S., and S.S., and LEOPOLDO GUTIERREZ,

By One of THEIR Attorneys:

s/ Abby D. Bakos
Abby D. Bakos

Shiller*Preyar Law Offices
601 S. California Ave.
Chicago, Illinois 60612
(312) 226-4590